UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Stanley Perrin, | ) C/A No. 9:10-1111-HFF-BM |
|---|---|
| Plaintiff, | |
| vs. | **Report and Recommendation** on Amended Complaint |
| William H. Nicholson, Attorney, | |
| Defendant. | |

The plaintiff is a resident of Laurens, South Carolina. The defendant is a private attorney in Greenwood, South Carolina. The defendant represented the plaintiff in the plaintiff's trial for murder. The plaintiff was convicted. The plaintiff states that his application for post-conviction relief was successful and that the Attorney General's appeal in the PCR case was not successful. The plaintiff was released from prison in March of 2009. In the original complaint, the plaintiff sought refund of the $15,000 paid to the defendant plus $900,000 in damages.

In a Report and Recommendation filed in this case on May 6, 2010, the undersigned recommended summary dismissal of this case. Instead of filing objections to the Report and Recommendation, the plaintiff on June 18, 2010, filed a motion to amend/correct complaint. The Honorable Henry F. Floyd, United States District Judge, granted the motion on June 18, 2010. After

1



receiving an extension of time, the plaintiff filed his amended complaint (Entry No. 25) on August 30, 2010.

In the amended complaint (Entry No. 25), which is actually a supplement to the original complaint, the plaintiff changes his request for damages to "$265,000." The plaintiff refers to the PCR court's finding that the defendant was ineffective. The plaintiff also alleges that he was not provided needed mental health treatment and that he has sustained permanent injuries.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the amended § 1983 complaint is still

---

[1]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



subject to summary dismissal. A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since the plaintiff's conviction was vacated pursuant to the judgment in his PCR case, the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is not applicable to the above-captioned case. *See Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, No. 94 C 5691, 1995 U.S. Dist. LEXIS 2380, *12-*13, 1995 WL 88956 (N.D. Ill., Feb. 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir. 1995). Even so, the above-captioned case is not maintainable as a civil rights action because in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must present facts to show that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).

Here, the Defendant was Plaintiff's private attorney. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936;

3



and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[2]  Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State.  *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).  Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state.  The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself."  *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974).

In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action.  It is also well settled that "a private person does not act under color of state law simply because he invokes state authority."  *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991).  *See also Auster Oil & Gas Co., Inc. v. Stream*, 764 F.2d 381, 388 (5th Cir. 1985); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf. Kreschollek v. Southern Stevedoring Co.*, 223 F.3d 202 (3rd Cir. 2000) (applying holding in *Sullivan* to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action).

---

[2]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983.  Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).



Hence, the defendant's allegedly deficient representation of the plaintiff, as found by the Court of Common Pleas in the post-conviction case, does not constitute action under color of state law.

Negligence and legal malpractice are causes of action under South Carolina law;[3] *see, e.g.*, *Epstein v. Brown*, 363 S.C. 372, 610 S.E.2d 816 (2005); *Brown v. Theos*, 345 S.C. 305, 550 S.E.2d 304 (2001), *affirming* 338 S.C. 305, 526 S.E.2d 232 (S.C.Ct.App. 1999); *Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793 (1993); *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424 (1991); and a civil action for negligence or legal malpractice would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, No. 92-2368, 10 F.3d 806 [Table], 1993 U.S.App. LEXIS 30080, 1993 WL 478836 (4th Cir., Nov. 22, 1993). However, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.

---

[3] It, however, should be noted that inquiries in a legal malpractice action are distinct from inquiries in a post-conviction (or habeas corpus) proceeding as to whether an attorney was "ineffective." *Compare Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. at 788-91 (plaintiff in legal malpractice action must establish by expert testimony specific duty required of the attorney and the breach thereof), *with Hill v. Lockhart*, 474 U.S. 52, 56-60 (1985) (in a post-conviction or habeas corpus proceeding, a state prisoner must show that there is a reasonable probability that, but for counsel's alleged errors, he or she would not have been convicted).



Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). The above-captioned case is not maintainable as a diversity action because the plaintiff and the defendant are both citizens of South Carolina. Hence, the amended complaint does not cure the jurisdictional defects in the original complaint: the defendant's lack of action under color of state law and this court's lack of diversity jurisdiction to entertain a legal malpractice action.

### *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").

The plaintiff's attention is directed to the Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 8, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

